UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA HOPSON,<br><br>      Apellant,<br><br>   v.<br><br>7-ELEVEN INC.,<br><br>      Defendant. | No.  2:14-cv-0549-TLN-EFB<br><br>**ORDER DISMISSING CASE** |

The original complaint in this matter was filed on February 25, 2014.  (ECF No. 1.) Plaintiff Cynthia Hopson ("Plaintiff") filed her First Amended Complaint on April 3, 2014.  (ECF No. 4.)  To this date, Plaintiff has not served Defendants 7-Eleven Inc. and Gill Panher Investments ("Defendants").[1]  On November 13, 2014, this Court issued a minute order requiring Plaintiff to show cause in writing within fourteen (14) days as to why this matter should not be dismissed for failure to prosecute.  (ECF No. 6.)  Plaintiff failed to answer this Court.  In fact, Plaintiff has not filed anything in this matter since filing the First Amended Complaint.  Thus, the time for compliance has come and gone and Plaintiff has failed to serve Defendants and comply with this Court's Order to Show Cause.

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because

---

[1] This case was originally filed against 7-Eleven Inc., Geweke VII LP, Daryl Geweke and Gill Panher Investments.  However, Geweke VII LP and Daryl Geweke were terminated from this case on April 4, 2014.

1

of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). The Ninth Circuit has set forth four factors that a district court must consider before dismissing a case for failure to prosecute:

> [1] the court's need to manage its docket, [2] the public interest in expeditious resolution of litigation, [3] the risk of prejudice to defendants from delay, [4] the policy favoring disposition of cases on their merits.

*Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651 (9th Cir. 1991). For the reasons set forth below, the Court finds that these factors weigh in favor of dismissing this case.

First, the Court has an inherent need to manage its docket. Plaintiff filed this case in February 2014, and still has not served Defendants. Federal Rule of Civil Procedure 4(m) states that "if a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Because Plaintiff has not complied with Rule 4(m), the Court finds that this factor weighs in favor of dismissing this case.

Second, the public's interest in expeditious resolution of litigation also favors dismissing this case because the Court is wasting its time and resources attempting to compel Plaintiff's cooperation in litigating her own case. Third, Plaintiff's failure to serve Defendants prevents Defendants from seeking some sort of resolution, if Defendants are in fact even aware of the case currently filed against it. Finally, although the disposition of cases based on their merits is preferred, it is unlikely that such is an option here. The Court simply cannot move forward without Plaintiff's assistance.

Thus, for the aforementioned reasons, the Court finds that all four factors support dismissing Plaintiff's case. As such, the Court hereby DISMISSES all pending claims against Defendant in this action. This case is CLOSED.

IT IS SO ORDERED.

Dated: January 6, 2015

Troy L. Nunley
United States District Judge